■ VIBO CORPORATION, Doing Business as GENERAL TOBACCO, Respondent, v ERIC R. WHITE, Appellant, et al., Defendant. [875 NYS2d 398]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 26, 2008 in an action for conversion. The order and judgment, insofar as appealed from, awarded money damages to plaintiff against defendant Eric R. White after a nonjury trial.

It is hereby ordered that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion for a trial order of dismissal is granted in part and the complaint against defendant Eric R. White is dismissed.

Memorandum: Plaintiff, a distributor of tobacco products, commenced this conversion action seeking the return of, or payment for, cigarettes delivered to United Seneca Warehouse (USW) pursuant to a consignment sale. The evidence presented at the bench trial in this action established that Eric R. White (defendant) is a creditor of USW by virtue of orders issued by the Peacemakers' Court of the Seneca Nation of Indians (Peacemakers' Court). Although at trial plaintiff established the

existence of a consignment agreement with USW, that consignment agreement does not affect defendant's entitlement to seize the cigarettes based on the orders of the Peacemakers' Court. Indeed, "for purposes of determining the rights of creditors of . . . a consignee, while the goods are in the possession of the consignee, the consignee is deemed to have rights and title to the goods identical to those the consignor had or had power to transfer" (UCC 9-319 [a]). It is undisputed that plaintiff did not perfect its security interest in the cigarettes and thus, because pursuant to UCC 9-319 (a) the rights of USW were identical to those of plaintiff, defendant was entitled to seize the cigarettes. We thus conclude that Supreme Court erred in denying in its entirety the motion for a trial order of dismissal at the close of proof and in instead awarding judgment to plaintiff against defendant for the value of the cigarettes. The evidence presented at trial does not support the court's finding that defendant was aware of the consignment agreement between plaintiff and USW. Thus, even assuming, arguendo, that the "knowledge or signs" exception set forth in former subdivision (3) of UCC 2-326 would otherwise apply, we conclude that the evidence does not support its applicability in this case. In view of our decision, we do not address the parties' remaining contentions. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.